**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JULIUS MORRIS,

                Plaintiff,

vs.                                                                        Case No.  3:11-cv-600-J-JRK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
_____/

**OPINION AND ORDER**[1]

**I. Status**

Julius Morris ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").  Plaintiff's alleged inability to work is a result of HIV infection, mental health issues, and schizophrenia.  See Transcript of Administrative Proceedings (Doc. No. 11; "Tr."), filed September 6, 2011, at 139.  On August 15, 2007, Plaintiff filed applications for DIB and SSI, alleging an onset date of September 5, 2001.  Tr. at 12.  Plaintiff's applications were denied initially, see Tr. at 51-56, and were denied upon reconsideration, see Tr. at 63-66.

On February 9, 2010, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff and a vocational expert ("VE") testified.  Tr. at 26-42.  At the time of the hearing, Plaintiff was forty-three (43) years old.  Tr. at 29.  The ALJ issued a Decision on February

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. No. 12), filed September 6, 2011; Order of Reference (Doc. No. 14), entered September 12, 2011.

22, 2010, finding Plaintiff not disabled through the date of the Decision.  Tr. at 12-21.  On May 17, 2011, the Appeals Council denied Plaintiff's request for review, Tr. at 1-6, thereby making the ALJ's Decision the final decision of the Commissioner.  On June 20, 2011, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises one issue on appeal.  See Memorandum in Support of Complaint (Doc. No. 16; "Pl.'s Mem."), filed September 23, 2011.  Plaintiff frames the issue as follows: "The [ALJ] erred by not formulating a complete hypothetical for the [VE]."  Pl.'s Mem. at 4 (capitalization and emphasis omitted).  After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy.  20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 14-21. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since September 5, 2001, the alleged onset date." Tr. at 14 (emphasis and citation omitted). At step two, the ALJ found Plaintiff suffers from "the following severe impairments: human immunodeficiency virus (HIV)[,] schizophrenia, affective disorder, personality disorder, drug addiction and alcoholism." Tr. at 14 (emphasis and citation omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted).

The ALJ determined:

[Plaintiff] has the residual functional capacity [("RFC")] to perform less than the full range of light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b). [Plaintiff] must avoid ladders, unprotected heights, and the operation of heavy moving machinery. [Plaintiff] may occasionally bend, crouch, kneel, stoop, squat, and crawl. [Plaintiff] needs a low stress work environment, simple tasks, and limited contact with the public.

Tr. at 16 (emphasis and citation omitted). At step four, the ALJ found Plaintiff "is unable to perform any past relevant work," which was identified as "Kitchen Helper" and "Wire-Taking-Machine Operator." Tr. at 19 (emphasis and citation omitted). The ALJ indicated that "considering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Assembler Small Products," "Mail Sorter," and "Table Worker." Tr. at 20 (emphasis and citation omitted). The ALJ concluded that Plaintiff "has not been under a disability . . . from

September 5, 2001, through the date of th[e D]ecision." Tr. at 21 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## **IV. Discussion**

As noted above, Plaintiff raises one issue on appeal, which deals with the ALJ's hypothetical posed to the VE. See Pl.'s Mem. at 4-6. Specifically, Plaintiff argues the ALJ's failure to include in the hypothetical the effects of Plaintiff's moderate limitations in concentration, persistence, and pace was reversible error. See id. On the other hand, the Commissioner argues that the ALJ's specific inclusion of a low stress work environment and simple tasks accounted for Plaintiff's limitations. See Memorandum in Support of the Commissioner's Decision (Doc. No. 17), filed November 23, 2011, at 10. In advancing their respective arguments, both parties rely on Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1181 (11th Cir. 2011), in which the Court found error in an ALJ's decision because the ALJ failed to account for a plaintiff's moderate limitations in maintaining concentration, persistence, and pace. See Pl.'s Mem. at 4-5; Def.'s Mem. at 9-11.

At the hearing, the ALJ posed a hypothetical to the VE that included the limitations of "a lo[w] stress work environment" and "simple tasks," and the VE was asked to assume a person with "no skills or semi-skills at all." Tr. at 40. In response to the hypothetical, the VE opined that a person with those limitations retains the ability to perform the following jobs: "assembler, small products," "mail sorter," and "table worker." Tr. at 41.

In the fifth step of the sequential evaluation process, an ALJ may pose a hypothetical question to a VE as part of his determination of whether a claimant can obtain work in the national economy. See 20 C.F.R. § 416.920(a)-(f). When the ALJ relies on the testimony of a VE, "the key inquiry shifts from the RFC assessment in the ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE." Corbitt v.

Astrue, No. 3:07-cv-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished). In determining an individual's RFC and later posing a hypothetical to a VE which includes the RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also 20 C.F.R. § 404.1545(a)(2); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)); see also Loveless v. Massanari, 136 F. Supp. 2d 1245, 1250 (M.D. Ala. 2001).

"[A]n ALJ's hypothetical restricting [a] claimant to simple and routine tasks adequately accounts for restrictions related to concentration, persistence and pace where the medical evidence demonstrates that the claimant retains the ability to perform the tasks despite concentration deficiencies." Jarrett v. Comm'r of Soc. Sec., 422 F. App'x 869, 871-72 (11th Cir. 2011) (unpublished) (citation omitted); see Winschel, 631 F.3d at 1181 (recognizing that "[w]hen medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations"); Dawson v. Comm'r of Soc. Sec., No. 6:11-cv-1128-ORL-28, 2012 WL 1624267 (M.D. Fla. May 9, 2012) (unpublished) (collecting cases which recognize that the

inclusion of limitations such as work involving simple tasks and/or simple instructions properly accounts for moderate limitations in concentration, persistence, and pace).

Focusing on the hypothetical presented to the VE at the hearing, the ALJ's express inclusion of the limitations of "a lo[w] stress work environment" and "simple tasks," in addition to the assumption of a person with "no skills or semi-skills at all," adequately accounted for Plaintiff's moderate limitations in concentration, persistence, and pace.  The medical evidence of record supports the finding that Plaintiff can still work despite his moderate limitations.  The ALJ relied, in part, on the opinion of Val Bee, Psy.D.  Tr. at 19 (citing Tr. at 647-49).  Dr. Bee specifically opined as to Plaintiff's ability to maintain concentration.  See Tr. at 647-69.  Dr. Bee found that Plaintiff "may . . . exhibit <u>occasional</u> lapses in concentration and productivity, but he appears mentally capable of well structured task activity . . . ."  Tr. at 649 (emphasis added).  Dr. Bee also opined that Plaintiff's ability to remember locations and work-like procedures, as well as his ability to understand and remember very short and simple instructions was not significantly limited.  Tr. at 647.  According to Dr. Bee, the only areas in which Plaintiff has moderate limitations are Plaintiff's "ability to understand and remember detailed instructions"; his "ability to carry out detailed instructions"; his "ability to maintain attention and concentration for extended periods"; and his "ability to complete a normal work-day and workweek without interruptions . . . and to perform at a consistent pace without an unreasonable number and length of rest periods."  Tr. at 647-48.  Notably, Plaintiff does not take issue with Dr. Bee's findings.

The undersigned finds that the ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace by including in the hypothetical the

limitations of a low stress work environment and simple tasks, as well as the assumption of a person with no skills or semi-skills at all.  The medical evidence of record, specifically Dr. Bee's opinion, demonstrates that Plaintiff is able to perform work consistent with the ALJ's Decision despite Plaintiff's moderate limitations in concentration, persistence, and pace.  See Jarrett, 422 F. App'x at 872.  The ALJ's Decision is supported by substantial evidence.  Thus, Plaintiff's argument fails.

### V. Conclusion

Upon review of the entire record, the undersigned finds that the ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace.  The ALJ's hypothetical presented to the VE is supported by substantial evidence.  After due consideration, it is

**ORDERED**:

1.  The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to 42 U.S.C. § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.  The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on August 15, 2012.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

jld
Copies to:
Counsel of record